United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-1198WM

Henry Leon Murphy,           *
                                    *

       Appellant,         *

                                    *  On Appeal from the United

     v.                      *  States District Court

                                    *  for the Western District

                                    *  of Missouri.

Otis Elevator Company, Inc.,    *
                                    *

       Appellee.          *

_____

Submitted:  June 13, 1997

Filed:  July 23, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, BEEZER* and WOLLMAN, Circuit Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

Henry Murphy filed this tort action in a Missouri state court for personal injuries he sustained when he fell into an open pit while drilling a hole for an elevator shaft.

_____

*The Hon. Robert R. Beezer, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Otis Elevator removed the case to the District Court,[1] where it successfully moved for summary judgment. Murphy appeals, and we affirm.

Murphy runs his own company, Trinity Drilling, the principal business of which is to drill "jack holes," the holes into which the posts that raise elevators descend. In 1993, Murphy entered a contract with Otis Elevator to drill the jack hole for an elevator that Otis had contracted to build for a new hotel in Branson, Missouri. Ordinarily Murphy conducts his drilling from a height of four feet above the ground. Because the hotel's general contractor had not timed the various aspects of the construction well, however, when Murphy arrived the location for the jack hole was at the bottom of a fourteen-foot-deep pit. Although Murphy objected to the situation, he remained and drilled the hole. At the end of the second day, while he was removing his equipment, Murphy fell into the hole and broke bones in his feet.

Murphy asserts two bases for Otis's liability for his injuries. First, Otis failed to control proceedings at the worksite so as to ensure that there would not have been a pit when Murphy arrived. Second, Otis failed to provide the customary "standby man," who could have made the conditions safer. The District Court granted summary judgment for Otis on the grounds that because the danger was open and obvious, Otis owed no duty to Murphy, that Otis had no control over the premises that gave rise to a duty, and that the absence of a standby man did not cause Murphy's injuries.

Harris v. Niehaus, 857 S.W.2d 222, 226 (Mo. 1993) (en banc), held that landowners have no duty to protect invitees, as Murphy was, from open and obvious dangers, unless the landowner should expect that the invitee will not discover or protect himself against the danger. Murphy stated that he was aware of the pit. He presents no facts that suggest Otis could not have reasonably expected Murphy, an experienced

---

[1]The Hon. Ortrie D. Smith, United States District Judge for the Western District of Missouri.

driller, to take adequate safety precautions. Consequently, Otis owed no duty to Murphy under Missouri law, and Murphy failed to make a case that was submissible to a jury. Id. at 227. Moreover, Otis had neither created the condition nor was itself the landowner, thus making its alleged liability even more tenuous. Finally, Murphy's contract required him to monitor the conditions of the workplace and coordinate the timing of his work with the general contractor. See Appellant's App. 67. We can find no tort-law duty on Otis to coordinate Murphy's work with the general contractor, and certainly none that could not be altered by contract. Therefore, the District Court correctly concluded that Otis had no duty to make the land safe, or to alter the general contractor's timing of construction activities.

Murphy has also not shown that the provision of a standby man would have prevented his injuries. The standby man was not to act as an assistant to Murphy who would ensure his safety, but rather would have made sure that Murphy was drilling in the right place and was not interfering with the work of other subcontractors. Id. at 89. Therefore, Otis's failure to provide a standby man, even if it had such a duty, would not have been the legal cause of Murphy's injuries.

We have little more to add to the District Court's careful exposition of the facts and the duties imposed on Otis under Missouri law. It properly granted summary judgment for Otis Elevator.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-